IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES PORTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-CV-2842 |
| | ) | |
| JOHN FRANCIS MCKINNEY | ) | Honorable Marvin E. Aspen |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
<u>MOTION TO COMPEL RULE 26(f) CONFERENCE</u>**

Defendant, John Francis McKinney, through his attorneys, Forde & O'Meara LLP, hereby files this Response to Plaintiff's Motion to Compel Rule 26(f) Conference, and states as follows:

1. The Court has ordered that Defendant's counsel respond to Plaintiff's motion, "indicating whether he refuses to participate in a Rule 26(f) conference in this action, and, if so, why he refuses to do so." (Dkt. No. 12.) As shown in this Response, Defendant's counsel is willing participate in a Rule 26(f) conference with Plaintiff's counsel. Defendant's counsel advised Plaintiff's counsel of this fact *before* Plaintiff filed his motion to compel. Despite this knowledge, Plaintiff still filed his motion. Defendant respectfully submits that Plaintiff's motion should be denied.

2. Defendant's counsel sent an email to Plaintiff's counsel on Wednesday, August 4, 2021 stating, in part: "If you would like to call me for a 26f conference tomorrow, I will take your call." Exhibit A. Despite this invitation, more than an hour later, Plaintiff filed his motion to compel a Rule 26(f) conference. Exhibit B. Defendant's counsel's willingness to participate in a Rule 26(f) conference should moot most of the pending motion.

3.  While Defendant's counsel's willingness to participate in a Rule 26(f) conference should end the issue, Defendant's counsel unfortunately feels it necessary to inform the Court why he believed that a Rule 26(f) conference would not be productive based on the previous conduct of Plaintiff's counsel, since he first filed suit against Defendant in the Illinois State Court.[1] A sampling of Plaintiff's counsel's conduct is as follows:

- During a telephone conversation in March, Plaintiff's counsel hung up on Defendant's counsel and refused to take Defendant's counsel's two immediate follow-up calls.  Exhibit D.

- After a telephone conversation regarding the possibility of removing the State Court case (which, after amendment following dismissal of an equitable accounting claim, consists solely of a 42 U.S.C. § 1981 claim virtually identical to that alleged here) to Federal Court, Plaintiff's counsel stated that Defendant's counsel was a liar and deceptive. Exhibits E and F.

- Plaintiff's counsel has personally attacked Defendant's counsel during several exchanges:

    o  Stating that Defendant's counsel has "no respect for the AAPI community." Exhibit E.

    o  Calling Defendant's counsel "a bizarre son of the Emerald Isle" and that it makes Plaintiff's counsel "kind of embarrassed to be Irish."  Exhibit F.

    o  Stating that Defendant's counsel displays "emotional oversensitivity."  Exhibit F.

    o  Stating that Defendant's counsel has "chosen to represent predatory lenders and racists."  Exhibit F.

- Plaintiff's counsel has made veiled threats in communications with Defendant's counsel stating:

    o  "The chickens will come home to roost."  Exhibit E.

    o  "Please advise or live with the consequences of your silence."  Exhibit F.

---

[1] Plaintiff's motion states that "Brian O'Meara [Defendant's counsel] even claims that he doesn't have verbal discussions as part of 26(f) conferences in his 20 years of federal practice."  (Mot., p. 1, ¶ 2.)  That is incorrect and Plaintiff misreads Defendant's counsel's correspondence, which provides that Defendant's counsel has never *refused to speak* with opposing counsel in nearly 20 years of practice.  Exhibit C.

5. Defendant's counsel takes the Federal Rules of Civil Procedure seriously and, despite Plaintiff's counsel's conduct, Defendant's counsel is still willing to participate in a telephonic Rule 26(f) conference as indicated in Exhibit A.

6. The only remaining issue is Plaintiff's counsel's insistence that Defendant's counsel consent to an unprecedented audio recording of their telephone conversation. Defendant's counsel has made it clear to Plaintiff's counsel that he does not consent to the audio recording. Exhibit A. Audio recording of calls between counsel is neither required by the Federal Rules nor standard practice. Accordingly, Defendant respectfully requests that the Court deny Plaintiff's motion in full.

Dated: August 6, 2021

Respectfully submitted,
JOHN MCKINNEY

By: /s/ Brian P. O'Meara
One of His Attorneys

Brian P. O'Meara
Forde & O'Meara LLP
111 West Washington Street
Suite 1100
Chicago, IL 60602
(T) 312.465.4780
bomeara@fordellp.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing Defendant's Response to Plaintiff's Motion to Compel Rule 26(f) Conference was filed electronically with the Clerk of the Court using the CM/ECF system this 6th day of August, 2021, and served electronically on all counsel of record.

/s/ Brian P. O'Meara

# Exhibit A

# Brian O'Meara

**From:** Brian O'Meara
**Sent:** Wednesday, August 4, 2021 11:22 AM
**To:** Mark Lavery
**Subject:** Re: Notice of Deposition for John Francis McKInney

Mark,

I have asked you several times. Please refrain from this. We will move for protective order. If you would like to call me for a 26f conference tomorrow, I will take your call. However, I will not agree to anything verbally. Nothing I say shall be deemed a waiver of any rights. Any agreements and/or representations must be confirmed by me in writing. I do not consent to be recorded.

Brian

> On Aug 4, 2021, at 11:15 AM, Mark Lavery <laverylawyer@gmail.com> wrote:
>
> Mr. Forde,
>
> Please explain to me directly or call me to explain why Brian is trying to hide e-mail communications from me to you. I am unaware of any medical condition that is impacted by e-mail communication. I continue to pray for you. Your great accomplishments dwarf anything Brian has done in his career. I hope you can teach him to change his ways.
>
> Your firm can file a Motion for Protective Order. We will be there on August 13, 2021. We will seek costs if your client and firm don't show. We will move for contempt against Chris McKinney. Obviously, if you remove today then there will be no depositions on August 13, 2021.
>
> Mark Lavery
>
> On Wed, Aug 4, 2021 at 8:35 AM Brian O'Meara <bomeara@fordellp.com> wrote:
>> Mark,
>>
>> You have once again emailed Mr. Forde after I told you to refrain from doing so. We do not agree to August 13 for a deposition date as our time for removal has not expired. File a motion to compel if you wish.
>>
>> Brian

1

# Exhibit B

# Brian O'Meara

| | |
|---|---|
| **From:** | usdc_ecf_ilnd@ilnd.uscourts.gov |
| **Sent:** | Wednesday, August 4, 2021 12:24 PM |
| **To:** | ecfmail_ilnd@ilnd.uscourts.gov |
| **Subject:** | Activity in Case 1:21-cv-02842 Portis v. McKinney motion to compel |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 6.3.3

## Notice of Electronic Filing

The following transaction was entered by Lavery, Mark on 8/4/2021 at 12:24 PM CDT and filed on 8/4/2021
**Case Name:** Portis v. McKinney
**Case Number:** 1:21-cv-02842
**Filer:** Charles Portis
**Document Number:** 11

**Docket Text:**
**MOTION by Plaintiff Charles Portis to compel *Rule 26f conference* (Lavery, Mark)**


**1:21-cv-02842 Notice has been electronically mailed to:**

Brian Patrick O'Meara     bomeara@fordellp.com, clerk@fordellp.com, kbrubaker@fordellp.com

Mark T. Lavery     laverylawyer@gmail.com, langonelaw@gmail.com, ldslitigator@gmail.com, marktlavery@icloud.com

**1:21-cv-02842 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=8/4/2021] [FileNumber=23743830-0
] [22fd829af1a91ece90ac3f1d6a4de26fd1ccf1970ad257ad26ab8f8a07db5eac30a
1f4ce9d3b155fdaf9bb9c5dff8f2ce93b7aaf396e7db116d1d56644ff4cd0]]

# Exhibit C

# Brian O'Meara

**From:** Brian O'Meara
**Sent:** Wednesday, August 4, 2021 10:58 AM
**To:** Mark Lavery
**Cc:** Mickey Balestri
**Subject:** RE: 1:21-cv-02842 Portis v. McKinney

Mark,

I will attach the correspondence to my response then. He is free to read it or not. And, yes, I will be happy to explain to Judge Aspen why I refuse to speak on the phone with you (something I have never done in nearly 20 years of practice).

Brian

---

**From:** Mark Lavery <laverylawyer@gmail.com>
**Sent:** Wednesday, August 4, 2021 10:52 AM
**To:** Brian O'Meara <bomeara@fordellp.com>
**Subject:** Re: 1:21-cv-02842 Portis v. McKinney

Brian,

I will not let you dictate how I litigate.

You can attach what you want to your response. Many judges order that no e-mails should be attached to discovery motions. I'll take that guidance rather than yours. Judges don't want to read e-mails from lawyers in conflict about basic matters. They are busy people. They don't want to read terse vague emails with quasi-denials of the truth.

You have many lawyers in your firm that can appear on the presentment date. You have many lawyers that can file a response. Mr. Druck can appear in the federal case. You are not in solo practice.

I suggested we have the conference tomorrow. This is before your vacation. You have decided to make this case difficult. You can explain to Judge Aspen why you refuse to have a normal Rule 26f conference.

The easy route is to get this done before your vacation. I'll start drafting the motion now. If you want to get this done before vacation then let me know soon.

You made this choice to refuse to have a Rule 26f discussion. You made the choice to refuse to discuss this discovery motion to compel participation in the Rule 26f conference.

Brian, you need to live with your choices.

AMDG,

Mark Lavery

On Wed, Aug 4, 2021 at 8:34 AM Brian O'Meara <bomeara@fordellp.com> wrote:

Mark,

1

You are free to file you motion. Advise in your motion that it is opposed and attach all of our correspondence. I am leaving for a family vacation on Friday so also please include in your motion that I request 14 days to respond.

Brian

**From:** Mark Lavery <laverylawyer@gmail.com>
**Sent:** Wednesday, August 4, 2021 10:30 AM
**To:** Brian O'Meara <bomeara@fordellp.com>
**Subject:** Re: 1:21-cv-02842 Portis v. McKinney

Brian,

I found your e-mail. I found it terse, vague and incomprehensible.

We are required to talk during a Rule 26f conference. The Rule uses the term "discuss". This word means to talk. We are also required to discuss discovery motions, such as a motion to compel you to discuss the issues required by Rule 26. If you refuse to talk then I will report that to Judge Aspen and file a motion today.

Please advise.

Mark T. Lavery

On Wed, Aug 4, 2021 at 8:22 AM Mark Lavery <laverylawyer@gmail.com> wrote:

> Mr. Balsetri,
>
> I do not have such e-mail.

# Exhibit D

# Brian O'Meara

**From:** Mark T. Lavery, Esq. <laverylawyer@gmail.com>
**Sent:** Tuesday, March 2, 2021 8:03 AM
**To:** Brian O'Meara
**Subject:** Re: Call?

Brian,

You are inaccurate. We have been more than professional and cooperative during this dispute. Your client however continues to express animus to my client. If you have a counter proposal then put it in writing. Until then your actions and words make clear Jack McKinney will not support and will obstruct the proposed deal out of his malice and hatred toward my client. Please advise.

Mark Lavery

> On Mar 1, 2021, at 3:55 PM, Brian O'Meara <bomeara@fordellp.com> wrote:
>
> Mark,
>
> You hung-up on me and then refused to take my two immediate follow-up calls. That is far from respectful. You clearly were not listening to me on the phone and apparently just wanted to try to repackage my client's position to fit the false narrative that he wants to "obstruct any actions toward a possible proposed sale." To what end? Your statement that Jack is trying to put a "brick on" any sale is simply false.
>
> Brian
>
>> **From:** Mark T. Lavery, Esq. <laverylawyer@gmail.com>
>> **Sent:** Monday, March 1, 2021 5:35 PM
>> **To:** Brian O'Meara <bomeara@fordellp.com>
>> **Subject:** Re: Call?
>>
>> Brian,
>>
>> I respectfully terminated the call and asked for written clarification. It's obvious your client wants to obstruct any actions toward a possible proposed sale.
>>
>> Your failure to want to respond in writing speaks volumes.
>>
>> Mark Lavery
>>
>>> On Mar 1, 2021, at 1:43 PM, Brian O'Meara <bomeara@fordellp.com> wrote:

1

Did you hang up on me? That is disappointing and unprofessional. You completely misstated what I said on my the phone. I don't think putting anything in writing will be helpful if this is how your are going to behave.

> On Mar 1, 2021, at 3:39 PM, Mark T. Lavery, Esq. <laverylawyer@gmail.com> wrote:
>
> Put it writing. This is very disappointing.
>
> Sent from my iPhone
>
>> On Mar 1, 2021, at 1:30 PM, Mark T. Lavery, Esq. <laverylawyer@gmail.com> wrote:
>>
>> Call me anytime 708-274-6803
>>
>> Sent from my iPhone
>>
>>> On Feb 27, 2021, at 1:01 PM, Mark T. Lavery, Esq. <laverylawyer@gmail.com> wrote:
>>>
>>> 3:30?
>>>
>>> Mark
>>>
>>>> On Feb 27, 2021, at 1:00 PM, Brian O'Meara <bomeara@fordellp.com> wrote:
>>>>
>>>> Sure. After 3pm.
>>>>
>>>>> On Feb 27, 2021, at 2:56 PM, Mark T.

2

# Exhibit E

## Brian O'Meara

**From:** Mark Lavery <laverylawyer@gmail.com>
**Sent:** Monday, August 2, 2021 12:22 PM
**To:** Brian O'Meara
**Subject:** Re: Portis v. McKinney (State Case)

To add - lying to opposing counsel is unprofessional. Accusing me of making "threats" is unprofessional. Making an unsupported accusation that I am "wrong" is unprofessional.

Why am I wrong?
What threats were made?
How am I being unprofessional?

Please advise.

Mark

Sent from my iPhone

> On Aug 2, 2021, at 10:16 AM, Mark Lavery <laverylawyer@gmail.com> wrote:
>
> Prove me wrong. Actions speak louder than words.
>
> Sent from my iPhone
>
>> On Aug 2, 2021, at 10:09 AM, Brian O'Meara <bomeara@fordellp.com> wrote:
>>
>> Mark,
>>
>> Wow. Once again, you are simply wrong and your threats are wildly inappropriate and unprofessional.
>>
>> Brian
>>
>>> On Aug 2, 2021, at 12:04 PM, Mark Lavery <laverylawyer@gmail.com> wrote:
>>>
>>> You previously told me you would remove without equivocation. If you didn't change your mind then you previously lied to me. I guess the apple doesn't fall to far from the client.
>>>
>>> You are your client have no respect for the AAPI community. The chickens will come home to roost.

1

I'll see you in Court tomorrow.

> On Aug 2, 2021, at 8:41 AM, Brian O'Meara <bomeara@fordellp.com> wrote:
>
> Mark,
>
> We have not made a final decision. If we chose to stay in state court, that is, agree not to remove, would you agree to voluntarily dismiss the federal complaint?
>
> As for transferring, I agree there is no longer an equitable claim.
>
> Brian
>
>> On Aug 2, 2021, at 6:19 AM, Mark Lavery <laverylawyer@gmail.com> wrote:
>>
>> Brian,
>>
>> Did you change your mind about removal? We have a hearing tomorrow. If I don't hear back from you by noon today then I will move to transfer to commercial calendar. The pending claim is not a Chancery claim.
>>
>> Mark Lavery
>>
>>> On Jul 20, 2021, at 7:07 AM, Brian O'Meara <bomeara@fordellp.com> wrote:
>>>
>>> Thanks.
>>>
>>>> **From:** Mark Lavery <laverylawyer@gmail.com>
>>>> **Sent:** Tuesday, July 20, 2021 9:07 AM
>>>> **To:** Brian O'Meara <bomeara@fordellp.com>

2

# Exhibit F

## Brian O'Meara

**From:** Mark Lavery <laverylawyer@gmail.com>
**Sent:** Monday, August 2, 2021 1:12 PM
**To:** Brian O'Meara
**Subject:** Re: Portis v. McKinney (State Case)

Brian,

I don't care about your opinion on the way I practice law. You have chosen to represent predatory lenders and racists in your law career. I've taken a different path. I've disagreed with the way you practice law since the time when you were a BigLaw consumer defense associate. I was hoping you had changed after going to work for the Forde family. I guess not.

I'll take your response as silence. You can't answer my basic questions.

I don't know what you mean by "gotcha". You are a bizarre son of the Emerald Isle. Makes me kind of embarrassed to be Irish.

Finally, what position do you disagree with?

Mark Lavery
AMDG

Sent from my iPhone

> On Aug 2, 2021, at 11:02 AM, Brian O'Meara <bomeara@fordellp.com> wrote:
>
> Mark,
>
> Please see my previous email. You are not going to draw me out to play your attempted gotcha game. I disagree with your position and the way you practice law.
>
> Brian
>
>> On Aug 2, 2021, at 12:47 PM, Mark Lavery <laverylawyer@gmail.com> wrote:
>>
>> You got previously got upset because I terminated a call with you. In an effort to settle the case, I was gracious enough to apologize if you were offended by the abrupt termination of that call. I didn't apologize for my behavior just your hurt oversensitive feelings.
>>
>> Your email today displays again your emotional oversensitivity.
>>
>> It strikes me as odd that someone who is as emotionally sensitive and is as easily offended as you isn't outraged by your client's documented disrespect of the AAPI community. If you have urged him to settle and he is obstinate then I apologize for making an incorrect assumption. Only you know the truth about that.

1

You told me unequivocally you would remove. It's your prerogative to change your mind. But your previous email today says you haven't made a decision. That's a deceptive response. You previously told me you made your decision. You told me that the decision was to remove and consolidate the case with Judge Aspen.

I don't care if you remove or not. It's your choice. I was just hoping we could save both of our clients money by avoiding a useless hearing tomorrow. But you obviously want to bill Mr. McKinney for tomorrow's hearing. So be it. I'll be there.

Again, you obviously rather try to bash me than answer the questions.

What threats did I make?
How was I unprofessional?
How am I wrong?

If you don't respond then your silence will indicate that I made no threats and that I am right that you lied to me. Furthermore, your silence will confirm that my email was a completely appropriate and professional response to a blatant lie from opposing counsel.

Please advise or live with the consequences of your silence.

Mark Lavery


Sent from my iPhone

> On Aug 2, 2021, at 10:22 AM, Brian O'Meara <bomeara@fordellp.com> wrote:
>
> Mark,
>
> I'm not going to engage in any further correspondence until you conduct yourself in a professional manner. You've already had to apologize to me for your behavior.
>
> Brian
>
>> On Aug 2, 2021, at 12:16 PM, Mark Lavery <laverylawyer@gmail.com> wrote:
>>
>> Prove me wrong. Actions speak louder than words.
>>
>> Sent from my iPhone

2