IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES PORTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-cv-02842 |
| | ) | |
| JOHN FRANCIS MCKINNEY | ) | Honorable Marvin E. Aspen |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTION TO REASSIGN AND CONSOLIDATE</u>**

Defendant John Francis McKinney ("Defendant" or "McKinney"), by and through his attorneys, Forde & O'Meara LLP, respectfully submits this motion pursuant to Federal Rule of Civil Procedure 42(a)(2) and Local Rule 40.4 to reassign to this Court a related case captioned *Charles Portis v. John F. McKinney* pending before the Honorable Gary Feinerman, Case No. 21-cv-04269 ("Removed Case"), and to consolidate the Removed Case with the present case captioned *Charles Portis v. John Francis McKinney* pending before this Court, Case No. 21-cv-02842 ("Present Case") for all purposes. Defendant also requests that this Court order Plaintiff Charles Portis ("Plaintiff") to file an amended complaint consolidating the two pending federal court complaints.

**<u>Relevant Facts and Procedural History</u>**

On May 26, 2021, Plaintiff filed the Present Case against Defendant asserting two counts: violation of 42 U.S.C § 1981 and conversion.

Previously, on October 20, 2020, Plaintiff had filed a one-count complaint in the Circuit Court of Cook County, County Department, Chancery Division, Illinois against Defendant for equitable accounting, Case No. 20 CH 06382 ("State Case"). Defendant moved to dismiss that

complaint. On June 21, 2021, the Circuit Court granted Defendant's motion and granted Plaintiff leave to replead. On July 19, 2021, Plaintiff filed a one-count amended complaint in the State Case against Defendant for alleged violation of 42 U.S.C. § 1981, the same cause of action asserted in the Present Case. Exhibit 1 hereto, Amended Complaint in the State Case. Plaintiff did not attempt to replead his claim for equitable accounting. The allegations relating to Plaintiff's claim for violation of 42 U.S.C. § 1981 in the State Case and the Present Case are virtually identical.

Because Plaintiff asserted a cause of action arising under federal law (42 U.S.C. § 1981) for the first time in the State Case on July 19, 2021, Defendant timely removed the State Case to the United States District Court for the Northern District of Illinois, thereby becoming the Removed Case.[1]  Exhibit 2 hereto, Notice of Removal.

**Argument**

It is readily apparent from Plaintiff's two federal court complaints that both the Removed Case and the Present Case derive from the same core of alleged operative facts and allege the same cause of action under 42 U.S.C. § 1981. Accordingly, reassignment of the Removed Case to this Court is appropriate pursuant to Local Rule 40.4. Further, the Removed Case should be consolidated with the Present Case pursuant to Federal Rule of Civil Procedure 42(a)(2) for the purposes of judicial economy and efficiency, to save the parties costs and resources, and in order to avoid the risk of inconsistent adjudications.

---

[1] Plaintiff filed a third complaint in the Circuit Court of Cook County, Law Division, Illinois against Defendant on March 18, 2021, Case No. 21 L 003015 ("Third Case"). That complaint contains one-count against Defendant for intentional inflection of emotional distress based on the same operative facts alleged in the Removed Case and the Present Case. Plaintiff also named another defendant, Cushman and Wakefield, in the Third Case. There is no federal cause of action alleged in the Third Case.

2

**I.     The Removed Case and the Present Case are related under Local Rule 40.4(a).**

The Removed Case and the Present Case are related under Rule 40.4(a) of the Local Rules of the Northern District of Illinois, which provides that:

> Two or more civil cases may be related if one or more of the following conditions are met:
>
> (1) the cases involve the same property;
> (2) the cases involve some of the same issues of fact or law;
> (3) the cases grow out of the same transaction or occurrence; or
> (4) in class action suits, one or more of the classes involved in the cases is or are the same.

L.R. 40.4(a).

Here, Plaintiff's pleadings in both the Removed Case and the Present Case involve the same issues of fact and law. Both cases assert a cause of action under 42 U.S.C. § 1981 based on virtually identical allegations. While the Present Case also asserts a count for conversion and the Removed Case does not, that does not impact the analysis or in any way negate the fact that both complaints assert a 42 U.S.C. § 1981 against the same Defendant based on the same core of operative facts. This common nexus of operative facts, law and occurrence satisfies two of the conditions set forth by L.R. 40.4(a), namely L.R. 40.4(a)(2) and (a)(3).

**II.    The conditions for reassignment under Local Rule 40.4(b) have been met.**

The conditions for reassignment have been met under Rule 40.4(b) of the Local Rules for the Northern District of Illinois, which provides that:

> A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:
>
> (1) both cases are pending in this Court;
> (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). Here, all four criteria are met.

*First*, both the Removed Case and the Present Case are pending in the Northern District of Illinois. Therefore, the first condition for reassignment is satisfied.

*Second*, because of the significant similarities between the Removed Case and the Present Case—namely both assert a 42 U.S.C. § 1981 claim with virtually identical allegations involving the same parties—substantial saving of judicial time and effort will result from having the same judge preside over both cases. *See, e.g., River Village West LLC v. Peoples Gas Light & Coke Co.*, No. 05 C 2103, 2007 U.S. Dist. LEXIS 98507, *4 (N.D. Ill. Feb. 14, 2007) (granting motion for reassignment, stating "given the similarities among the three cases, it is clear that substantial judicial resources will be saved if the matters are consolidated"); *Teacher's Retirement System of Louisiana v. Black*, No. 04 C 834, 2004 U.S. Dist. LEXIS 10259, *7 (N.D. Ill. June 3, 2004) ("Where the cases are so closely related as these three, it conserves resources to have them all determined by a single judge."). Further, the Removed Case and the Present Case will require the same written discovery and testimony from the same witnesses. Thus, the second condition for reassignment has been met.

*Third*, the Removed Case and the Present Case are at the same stage of litigation. Defendant has yet to respond to the operative complaints in both cases and no party discovery has occurred in either case.[2] Therefore, reassignment would not result in substantial delay of the

---

[2] Defendant recognizes that Local Rule 40.4 provides that "[i]n order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." However, Defendant maintains that reassignment and consolidation should occur before Defendant is required to respond because it would promote efficiency and save costs and resources. Otherwise, Defendant will be required to respond twice and the parties may have to engage in duplicative briefing if Defendant files motions to dismiss.

4

Present Case. *See, e.g., Freeman v. Bogusiewicz*, No. 03-cv-2908, 2004 U.S. Dist. LEXIS 15723, *6 (N.D. Ill. August 11, 2004) (reassignment granted where "both actions are in the early stages of proceedings"); *Teacher's Retirement System of Louisiana*, No. 04-cv-834, 2004 U.S. Dist. LEXIS 10259, *7 (Local Rule 40.4(b)(3) satisfied where each of the cases was "in its infancy" and therefore the court could not "detect any substantial delays that would result from the reassignment"). Accordingly, the third condition for reassignment is satisfied.

*Finally*, Plaintiff alleges the same 42 U.S.C. § 1981 claim against the same Defendant based on the same operative facts in both the Removed Case and the Present Case. Because of these significant similarities, the cases are susceptible of disposition in a single proceeding. *See, e.g., Teacher's Retirement System of Louisiana*, No. 04-cv-834, 2004 U.S. Dist. LEXIS 10259, *8 (cases were deemed to be susceptible of disposition in a single proceeding where all three cases "orginate[d] from the same core of facts"). Therefore, the fourth and final condition for reassignment is met.

In sum, the requirements of Local Rule 40.4(a) and (b) are met and this Court should grant Defendant's motion for reassignment.

**III. Consolidation of the Removed Case with the Present Case is appropriate under Federal Rule of Civil Procedure 42(a)(2).**

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

District courts have discretion to consolidate related cases involving common questions of law and fact "under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Ikerd v. Lapworth*, 435 F.2d

197, 204 (7th Cir. 1970). In this regard, the Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap. *See e.g., Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge."); *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), *aff'd*, 328 U.S. 654 (1946)) ("Rule 42(a) of the Federal Rules of Civil Procedure … was designed and intended to encourage such consolidation where possible"). In determining whether consolidation is appropriate, "a court should consider whether the proposed consolidation would promote convenience and judicial economy … and whether it would cause prejudice to any party." *Sylverne v. Data Search N.Y., Inc.*, No. 08 C 0031, 2008 U.S. Dist. LEXIS 88303, *4 (N.D. Ill. May 28, 2008).

     Here, given the commonality of facts and issues to be litigated, consolidation will afford greater convenience and judicial economy by reducing the amount of resources and expenses needed to complete two separate lawsuits. If the cases are not consolidated, then the parties will be required to engage in duplicative discovery and needlessly incur litigation expenses, such as court reporter and transcript costs, twice. Absent consolidation, the witnesses, the parties, and this Court would unnecessarily incur double the burden and expense associated with litigation.

     Finally, as set forth above, the Removed Case and the Present Case are at the same stage of litigation. Therefore, there is no risk of unreasonable delay of the Present Case and neither party will be prejudiced if both lawsuits are consolidated.

## Conclusion

     For the reasons stated above, Defendant respectfully requests that this Court enter an Order granting this Motion, reassigning the Removed Case to this Court, consolidating the

Removed Case with the Present Case for all purposes, ordering Plaintiff to file an amended complaint consolidating the two pending federal court complaints, and entering any further relief as this Court deems just and proper.

<table>
<tr><td>Dated: August 13, 2021</td><td>Respectfully submitted,<br>JOHN FRANCIS MCKINNEY<br><br>By: <i>/s/ Brian P. O'Meara</i><br>One of His Attorneys<br><br>Brian P. O'Meara<br>Forde & O'Meara LLP<br>111 West Washington Street<br>Suite 1100<br>Chicago, IL 60602<br>(T) 312.465.4780<br>bomeara@fordellp.com</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

    The undersigned, an attorney, certifies that the foregoing **Defendant's Motion to Reassign and Consolidate** was filed electronically with the Clerk of the Court using the CM/ECF system this 13th day of August, 2021, and served electronically on all counsel of record.

                                                                   */s/ Brian P. O'Meara*