**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES PORTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21-cv-2842 |
| v. | ) | |
| | ) | Judge Marvin E. Aspen |
| JOHN FRANCIS MCKINNEY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Before us is Defendant John Francis McKinney's motion to reassign a case pending before another judge in this District, No. 21-cv-4269 (the "4269 Case"), to the undersigned and to consolidate the 4269 Case with the above-captioned case (the "2842 Case"). (2842 Case Dkt. No. 14, Def.'s Mot. to Reassign & Consolidate ("Mot.").)[1] Plaintiff Charles Portis does not oppose the motion.[2] For the following reasons, we grant McKinney's motion.

### BACKGROUND[3]

On May 26, 2021, Portis initiated the 2842 Case by filing a Complaint against McKinney in this District. (2842 Case Dkt. No. 1 ("2842 Compl.").) According to the 2842 Complaint,

---

[1] Citations to Case No. 21-cv-2842 are to the "2842 Case," and citations to Case No. 21-cv-4269 are to the "4269 Case."

[2] Instead of responding to McKinney's motion by the Court-ordered August 27, 2021 deadline (*see* 2842 Case Dkt. No. 16), Portis filed a "Motion for Relief Pursuant [to] Federal Rules of Civil Procedure 81 and 42" nearly a week after this deadline had passed (*see* 2842 Case Dkt. No. 20). In his motion, Portis states that he has no objection to consolidating the 2842 and 4269 Cases, and he asks for leave to replead and file a single complaint in the consolidated action. (*Id.*) Portis's non-opposition to consolidation and his request to replead should have been contained in a timely filed response to McKinney's motion.

[3] In this background, we set forth Portis's allegations without vouching for their veracity.

Portis is a non-white Jewish man with adopted non-white Asian children, and McKinney is a white businessman. (*Id.* ¶¶ 1, 2.) Portis and McKinney had an agreement to develop a real estate project known as the 917 Project. (*Id.* ¶ 4.) When it came time to distribute the proceeds from the 917 Project, however, McKinney withheld $20,000 that belonged to Portis. (*Id.* ¶¶ 68, 75–77, 90, 91.) McKinney, who "has exhibited overt and direct racism toward [Portis] for years in the form of anti-Semitic and anti-Asian statements," withheld Portis's share of the proceeds because Portis is not white, has non-white Asian children, and complained about McKinney's racist conduct. (*Id.* ¶¶ 7, 43–45, 68–70, 81.) Portis asserts two claims in the 2842 Case: racial discrimination under 42 U.S.C. § 1981 (Count I) and conversion (Count II). (*Id.* ¶¶ 46–92.)

Before filing the 2842 Case, Portis filed a complaint for equitable accounting against McKinney in the Circuit Court of Cook County, Illinois. (4269 Case Dkt. No. 1-1 at 2–6.) The circuit court dismissed the complaint with leave to amend (*id.* at 57), and Portis thereafter filed an amended complaint in which he alleged a single claim under 42 U.S.C. § 1981 (*id.* at 61–71 ("4269 Compl.")). On August 11, 2021 (after Portis had filed the 2842 Case), McKinney removed Portis's state court case to this District (*see* 4269 Case Dkt. No. 1), where it became the 4269 Case and was eventually assigned to Judge Feinerman.

Portis's § 1981 claim in the 4269 Case arises out of another real estate development project on which the parties worked together, known as RiverPark. (4269 Compl. ¶¶ 1, 69–83.) McKinney allegedly refused to give Portis his entire share of revenue from the RiverPark project because of Portis's race, his children's race, and his complaints about McKinney's racist conduct. (*Id.* ¶¶ 1, 64–66, 82, 83, 85, 86.) The 4269 Complaint contains many of the same allegations regarding McKinney's discriminatory animus as the 2842 Complaint. (*Compare*, *e.g.*, *id.* ¶¶ 4–21, 25–41, 60, 67, 68, *with* 2842 Compl., ¶¶ 7–24, 28–44, 64, 71, 73.)

## ANALYSIS

### I. Reassignment

McKinney first argues that we should reassign the 4269 Case to our docket. (Mot. at 2–5.) Local Rule 40.4 governs the reassignment of related cases in this District. We oversee the lowest-numbered case, so McKinney's reassignment request is properly before us. *See* N.D. Ill. L.R. 40.4(c).

Under Local Rule 40.4, two cases may be "related" if

(1) the cases involve the same property;

(2) the cases involve some of the same issues of fact or law;

(3) the cases grow out of the same transaction or occurrence; or

(4) in class action suits, one or more of the classes involved in the cases is or are the same.

N.D. Ill. L.R. 40.4(a). But relatedness alone does not justify reassignment. *Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, No. 18-cv-6109, 2019 WL 2515984, at *3 (N.D. Ill. June 18, 2019). Even if a higher-numbered case is related to a lower-numbered case, the former can be reassigned to the judge overseeing the latter only if each of the following criteria are met:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

N.D. Ill. L.R. 40.4(b). Whether "to reassign a case as related falls within [our] sound discretion." *Urb. 8 Fox Lake Corp.*, 2019 WL 2515984, at \*3.

The 2842 and the 4269 Cases are related. Both cases involve the same plaintiff (Portis) and defendant (McKinney); both are based on McKinney's alleged discriminatory animus toward Portis, his children, and other non-white individuals; and both involve allegations that McKinney withheld money that belonged to Portis because of this animus. Both cases also will involve determining whether McKinney's failure to pay Portis proceeds from real estate projects violated 42 U.S.C. § 1981. Because the 2842 and the 4269 Cases "involve some of the same issues of fact or law," N.D. Ill. L.R. 40.4(a)(2), they satisfy Local Rule 40.4(a).

We further conclude that all the Local Rule 40.4(b) criteria are satisfied. First, both cases are pending in this District. N.D. Ill. L.R. 40.4(b)(1). Second, having us resolve both cases will likely save substantial judicial time and effort. N.D. Ill. L.R. 40.4(b)(2). The relationship between Portis and McKinney, whether McKinney made certain statements or took certain actions, and whether these statements and actions reflect discriminatory animus will likely be addressed in both cases. It would be inefficient for two judges to get up to speed on these issues. *See Urb. 8 Fox Lake Corp.*, 2019 WL 2515984, at \*3 (reassignment would save "significant judicial resources" because the court had already invested time and effort to learn about the parties' relationship and the partnership agreements at issue and, absent reassignment, another court would "be required to invest similar time and effort"). Moreover, because of the identity of the parties and the similarities between the claims in both cases, disputes that arise in one case will likely be the same or similar to disputes that arise in the other case, especially considering that both parties are represented by the same counsel in both cases. Reassignment ensures consistent rulings on these disputes. It likewise ensures consistent rulings on questions of fact

4

and law common to both cases, such as whether a jury could find that McKinney made the allegedly discriminatory statements and took the allegedly discriminatory actions and whether McKinney's withholding of money from Portis violates § 1981. *See id.* (reassignment would "ensure consistent rulings on common questions about the interpretation and application" of a contract provision that was important to both cases).

Third, reassigning the 4269 Case is not likely to substantially delay the proceedings in the 2842 Case. N.D. Ill. L.R. 40.4(b)(3). In both cases, the pleadings are not yet closed, and the parties have not yet filed their joint discovery status report and proposed scheduling order. (*See* 2842 Case Dkt. Nos. 18, 19; 4269 Case Dkt. Nos. 10, 12.) Thus, reassignment at this stage of the litigation will not hamper the progress of the 2842 Case.

Finally, and for the same reasons discussed with respect to subsection (b)(2), both cases are susceptible to disposition in a single proceeding. N.D. Ill. L.R. 40.4(b)(4). In both cases, the parties are the same and are represented by the same counsel; the primary witnesses—Portis and McKinney—are the same; many of the facts underlying Portis's charge of racial discrimination are the same or substantially similar; and 42 U.S.C. § 1981 will be at issue. *See Urb. 8 Fox Lake Corp.*, 2019 WL 2515984, at *4 (finding subsection (b)(4) satisfied where "the witnesses, counsel, and many of the facts" in the two cases at issue were "the same or substantially similar"). Despite any differences between the two real estate projects at issue or the particulars of McKinney's actions with respect to these projects, we do not see any reason why Portis's § 1981 and conversion claims in the 2842 Case and his § 1981 claim in the 4269 Case cannot be fully resolved in one proceeding, whether by dispositive motion, trial, or settlement.

Accordingly, the 2842 and 4269 Cases are related and reassignment of the 4269 Case to our docket is warranted under Local Rule 40.4.

## II.     Consolidation

McKinney also argues that we should consolidate the two cases and order Portis to file an amended complaint that reflects this consolidation.  (Mot. at 5–6.)  A district court may consolidate two actions that "involve a common question of law or fact."  Fed. R. Civ. P. 42(a)(2).  "In exercising that discretion, a court should consider whether the proposed consolidation would promote convenience and judicial economy, and whether it would cause prejudice to any party."  *Sylverne v. Data Search N.Y., Inc.*, No. 08 C 0031, 2008 WL 4686163, at *1 (N.D. Ill. May 28, 2008) (internal citations omitted).

Consolidating the 2842 and 4269 Cases will "promote convenience and judicial economy."  *See id.*; *see also Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.").  For the reasons already discussed, we anticipate that it will be much more efficient to resolve Portis's two § 1981 claims and his conversion claim in one litigation rather than two litigations.  Additionally, Portis will not be prejudiced by consolidation; indeed, he has no objection to consolidation.  (2842 Case Dkt. No. 20 at 1.)  Thus, we find consolidation under Rule 42 appropriate.

### CONCLUSION

For the foregoing reasons, we grant McKinney's motion to reassign and consolidate. (2842 Case Dkt. No. 14.)  The 4269 Case, No. 21-cv-4269, which is currently pending before Judge Feinerman, should be reassigned to the undersigned's calendar pursuant to Local Rule 40.4, and we request that the Executive Committee approve the reassignment.  The Clerk is directed to forward a copy of this Opinion and Order to the Executive Committee and Judge Feinerman.  *See* N.D. Ill. L.R. 40.4(d).  If the 4269 Case is reassigned to our docket, Portis has 21 days thereafter to file an amended complaint in the 2842 Case that contains the pertinent

allegations and claims from both the 2842 and 4269 Cases. Given our resolution of McKinney's motion to reassign and consolidate, we deny Portis's motion for relief under Rules 42 and 81 (2842 Case Dkt. No. 20) as moot. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: September 9, 2021